UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

St. Jude Medical, S.C., Inc., a Minnesota
corporation,

         Plaintiff,

   v.

Biosense Webster, Inc., a California
corporation; Johnson & Johnson,
a New Jersey corporation; and Jose B.
de Castro, an individual,

         Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 12-621 ADM/AJB

Edward F. Fox, Esq., Nicole A. Delaney, Esq., Kevin P. Hickey, Esq., and Mark R. Bradford, Esq., Bassford Remele, PA, Minneapolis, MN, on behalf of Plaintiff.

Mark A. Neubaer, Esq., Steptoe & Johnson LLP, Los Angeles, CA, and Mary L. Knoblauch, Esq., Courtland C. Merrill, Esq., and Steven C. Kerbaugh, Esq., Anthony Ostlund Baer & Louwagie PA, Minneapolis, MN, on behalf of Defendants.

## I. INTRODUCTION

On April 26, 2012, the undersigned United States District Judge heard oral argument on Plaintiff's Motion for Injunctive Relief to Enjoin Preemptive Action and For Expedited Hearing [Docket No. 5] ("PI Motion").[1] For the reasons set forth below, Plaintiff's PI Motion is denied.

## II. BACKGROUND

St. Jude Medical, S.C., Inc. ("St. Jude") and Biosense Webster, Inc. ("Biosense") are direct competitors in the medical-device industry. Compl. [Docket No. 1] ¶ 13. St. Jude is a Minnesota corporation with its principal place of business in Austin, Texas, and it is a wholly-

---

[1] Prior to the hearing on this PI Motion, the Court agreed to hear the motion on an "expedited basis" on April 26, 2012. There were no objections. Accordingly, only the injunctive relief remains.

owned subsidiary of St. Jude Medical, Inc., a Minnesota corporation with its principal place of business in St. Paul, Minnesota. Id. ¶ 2. Biosense, a California corporation, is a subsidiary of Johnson & Johnson ("J&J"), a New Jersey corporation. Id. ¶¶ 3–4. Jose de Castro is a resident and citizen of California. Id. ¶ 5.

In 2006, Jose de Castro began working for St. Jude in California as a Senior Field Clinical Engineer under a Term-of-Years ("TOY") Agreement. Id. ¶ 17. On January 5, 2009, he was promoted to a Direct Sales Representative position and he entered into another TOY Agreement (the "Employment Agreement") for a specified two-year term. Id. After negotiations, Jose de Castro's TOY Agreement was extended an additional three years pursuant to a written amendment on January 3, 2011. Id. ¶ 18. This Employment Agreement does not expire until January 4, 2014, unless and until terminated earlier as a result of: (1) cause; (2) disability; or (3) death. Id.; see also Compl. Ex. A ("Emp't Agreement") § 5.

The Employment Agreement specifies it "will be governed by the laws of the state of Minnesota without giving effect to the principles of conflict of laws of any jurisdiction." Emp't Agreement § 10(G). Additionally, in a section entitled "Exclusive Jurisdiction," the Employment Agreement states:

> All actions or proceeding[s] relating to this Agreement will be tried and litigated only in the Minnesota State or Federal Courts located in Ramsey County, Minnesota. Employee submits to the exclusive jurisdiction of these courts for the purpose of any such action or proceeding, and this submission can not be revoked. Employee understands that Employee is surrendering the right to bring litigation against [St. Jude] outside the state of Minnesota.

Id. § 10(H).

On March 6, 2012, Jose de Castro emailed St. Jude his resignation. Compl. ¶ 26; Compl. Ex. B. St. Jude emailed him that same day, refusing to accept his resignation and stating that it expected him to honor his Employment Agreement through January 4, 2014. Id. Also on March 6, 2012, Jose de Castro and Biosense filed a complaint for declaratory relief in California state court. Compl. Ex. C ("Cal. State Compl."). The California state action was later removed to a federal court in the Central District of California. St. Jude filed its Complaint with this Court on March 9, 2012. See Compl.

### III.  DISCUSSION

**A.  Standard of Review**

Ordinarily, motions for preliminary injunction in Minnesota are considered according to the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. Dataphase Sys. Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). However, "orders enjoining a party from proceeding with a duplicative, second-filed lawsuit in another forum, are not subject to the *Dataphase* standards for injunctive relief." Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1004 (8th Cir. 1993). Although the airlines case specifically considered enjoining a second-filed lawsuit in a sister court of equal jurisdiction, the reasoning would apply to a preemptive first-filed case which was duplicative or to a case where the first-filed rule does not apply. See id. ("[T]he *Dataphase* factors are inapposite, since the question . . . is simply whether, as between two courts both having jurisdiction over the parties and the subject matter of

3

the dispute, the court in which jurisdiction first attached should proceed to adjudicate the controversy and should restrain the parties from proceeding with the later-filed action.").

Instead, motions to enjoin a duplicative lawsuit filed in a court of equal and concurrent jurisdiction are assessed under the standards set forth in U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488–89 (8th Cir. 1990). Under Goodyear analysis, the well-established first-filed rule generally grants the first court in which jurisdiction attached the priority to hear the case and enjoin the second-filed proceeding. Id. (citing Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985)). The first-filed rule is not "intended to be rigid, mechanical, or inflexible" however, but to serve the interests of justice it is applied in the absence of compelling circumstances. Id. Red flags of compelling circumstances suggest that the first-filed rule should not be applied. Nw. Airlines, 989 F.2d at 1007. One red flag occurs when the first-filer was on notice that the second-filer was considering filing suit imminently. Id. Another red flag is when the first-filed action is a declaratory judgment action indicative of a preemptive strike against the true plaintiff-in-fact. Id. A letter threatening imminent lawsuit gives clear notice and would qualify as a compelling circumstance. Id. A significant delay in the filing of the second-filed motion, however, indicates that the first-filer was not on notice of an "imminent" lawsuit, and therefore falls short of "compelling circumstances." ABC Teacher's Outlet, Inc. v. School Specialty, Inc., Civ. No. 07-159, 2007 WL 2122660, at *3 (D. Minn. July 17, 2007). Additionally, a declaratory judgment action filed by a plaintiff who suffered actual harm, rather than merely prospective injury, also does not rise to the level of "compelling circumstances" sufficient to disregard the first-filed rule. Id.

**B.     Analysis**

Defendants argue that the first-filed rule applies and therefore California has priority, that preliminary injunctive relief is inappropriate here, and that the forum selection clause is unenforceable.  Plaintiff avers that the first-filed rule is inapplicable and Minnesota has jurisdiction, that injunctive relief is necessary here, and that the forum selection clause is prima facie valid and enforceable.

**1.  Forum Selection Clause is Enforceable**

"Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).  "Minnesota courts routinely enforce such clauses and [] there is no public policy in Minnesota that contravenes the enforcement of such a clause." Airtel Wireless, LLC v. Mont. Elec. Co., Inc., 393 F. Supp. 2d 777, 785 (D. Minn. 2005).  When parties agree to litigate contract disputes in a certain forum, courts generally enforce that agreement unless it is unfair or unreasonable.  Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc., 320 N.W.2d 886, 889–90 (Minn. 1982).  A forum selection clause is unjust or unreasonable if: (1) the clause is the product of fraud or overreaching; (2) the party would effectively be deprived of his day in court if the clause is enforced; and (3) enforcing the clause would contravene the public policy of the forum in which suit is brought.  Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593–95 (1991); Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789–90 (8th Cir. 2006).

Defendants' arguments that the forum selection clause is overreaching are rejected.  Although Defendants contend that the clause is part of a contract of adhesion, the clause here is

not the product of unequal bargaining power. Hauenstein, 320 N.W.2d at 891. Although the parties dispute whether the forum selection clause was presented on a take-it-or-leave-it basis, Jose de Castro and St. Jude were not of highly unequal bargaining strength. The inclusion of boilerplate language is only one factor suggesting an adhesion contract. Id. Other factors include the parties' relative sophistication, opportunity for negotiation, and bargaining-power disparity. Alpha Sys. Integration, Inc. v. Silicon Graphics, Inc., 646 N.W.2d 904, 909–10 (Minn. Ct. App. 2002) (citation omitted). Agreements between parties with business experience are not products of unequal bargaining power. Id. (citation omitted). Courts will not invalidate forum selection clauses merely because one party is less sophisticated than the other — if that were the law, any person who signed a standard form contract with a large corporation could later invalidate all or part of that agreement by claiming unequal bargaining power. Sander v. Alexander Richardson Inv., 334 F.3d 712, 720 (8th Cir. 2003) (citation omitted).

Jose de Castro is a highly educated, highly paid professional who repeatedly renegotiated and extended his employment agreements with St. Jude. The exclusive jurisdiction provision at issue here — "All actions or proceeding relating to this Agreement will be tried and litigated only in the Minnesota State or Federal Courts" –- is clearly not written in technical legal language and is an obvious, distinct paragraph in the seven-page agreement. Although St. Jude is a major corporation and Jose de Castro is an individual, the disparity of their bargaining power was not so great as to amount to overreaching. Compare ELA Medical, Inc. v. Arrhythmia Mgmt. Assocs., Inc., Civ. No. 06-3580, 2007 WL 892517, at *5 n. 9 (D. Minn. Mar. 21, 2007) (enforcing a clearly labeled forum selection clause against a sophisticated sales representative even though the agreement terms may not have been actually negotiated) with Nelson v. Master

Lease Corp., 759 F. Supp. 1397, 1402 (D. Minn. 1991) (invalidating a forum selection clause where the sole Minnesota sales representative did not notice a Pennsylvania forum selection clause contained in a document entitled "NON DISCLOSURE AGREEMENT AND COVENANT NOT TO COMPETE"). Moreover, Jose de Castro's longstanding employment with St. Jude suggests that he had ample opportunity to negotiate his contract. Accordingly, the forum selection clause here is not overreaching and is enforceable.

Despite Defendants' contentions, the forum selection clause is valid and enforceable. Although Defendants cite numerous California authorities, the question is whether enforcing the clause contravenes the public policy of the forum in which suit is brought — in this case, Minnesota. Notwithstanding another jurisdiction's public policy interests, "there is no public policy in Minnesota that contravenes the enforcement of such a clause." Airtel Wireless, LLC, 393 F. Supp. 2d at 785. The California cases and statutes that Defendants cite to support their argument are authority only for the proposition that California generally disfavors restraints of competition and employee mobility. See, e.g., Latona v. Aetna U.S. Healthcare, Inc., 82 F. Supp. 2d 1089, 1093 (C.D. Cal. 1999); Cal. Bus. & Prof. Code § 16600.[2] As these arguments do not apply to the forum selection clause analysis here in Minnesota, they are inapposite. Because

---

[2]However, there is also California law suggesting the forum selection clause may be found enforceable and not contrary to California public policy. The argument "that enforcing the forum selection clause would violate California's strong public policy against non-competition clauses" has been rejected by federal courts in California. Mahoney v. Depuy Orthopaedics, Inc., No. Civ. F. 07-1321, 2007 WL 3341389, at *8 (E.D. Cal. Nov. 8, 2007); see also, Swenson v. T-Mobile USA, Inc., 415 F. Supp. 2d 1101, 1104–05 (S.D. Cal. Jan. 26, 2006); Multimin USA, Inc. v. Walco International, Inc., No. CV F 06-0226, 2006 WL 1046964, at *7 (E.D. Cal. Apr. 11, 2006).

Minnesota public policy favors the enforcement of forum selection clauses, the clause is enforceable under this analysis.

Furthermore, the forum selection clause in the Employment Agreement does not deny Jose de Castro his day in court. The location and convenience of witnesses is not generally considered a serious convenience. Hauenstein, 320 N.W.2d at 890. The inconvenience of the forum will not normally be a factor because "the presumption is that consideration was received at the time of contracting for the alleged inconvenience." Id. Since the inconvenience factor is connected to whether the agreement was equally bargained, see id., and since no fraud or overreaching has been found here, the forum selection clause is not significantly inconvenient and does not deny Jose de Castro his day in court.

### 2. Biosense is Bound by the Forum Selection Clause under the Closely-Related-Party Doctrine

Defendants' argument that Biosense is not bound by Jose de Castro's forum selection clause because it was not a signatory to the agreement is unavailing. Although contracts generally bind only signatories, a third party may be bound by a forum selection clause to which it is not a signatory if it is "'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." Medtronic, Inc. v. Endologix, Inc., 530 F. Supp. 2d 1054, 1056 (D. Minn. 2008) (quoting Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001)); see ELA Medical, Inc., 2007 WL 892517, at * 6 (applying the closely-related-party doctrine to bind the non-signatory new employer to a forum selection clause in case involving tortious contractual interference). When third parties join with one contracting party to bring suit against another contracting party, they are "arguably acquiescing in the forum-selection

clauses within those agreements." Marano Enters. of Kan., 254 F.3d at 757–58. "As a voluntary plaintiff, [they] will not now be heard to object to jurisdiction limited to the venue[] to which [their] co-plaintiffs agreed." Id. at 758.

Here, the closely-related-party doctrine applies to Biosense's posture in this litigation. Biosense was a willing party to the first-filed California state action. Further, it was precisely the acts of this closely related party — namely, Biosense's employment of Jose de Castro — which precipitated St. Jude's Complaint alleging breach of contract and tortious contractual interference. Biosense is so closely related to the dispute that it was foreseeable it would be bound by the Employment Agreement's forum selection clause. Under the closely-related-party doctrine, therefore, Biosense is bound by the forum selection clause.

### 3. The First-Filed Rule is Inapplicable

Defendants argue that the first-filed rule should apply here and that, therefore, the court in the California action should determine whether the case should be resolved in California or Minnesota. St. Jude contends that the first-filed rule is inapposite here because red flags suggest compelling circumstances to abandon the first-filed rule. Both red flags are present here — Defendants were on constructive notice that St. Jude would file an action soon after learning of Jose de Castro's resignation, and they are not a "true" plaintiff in the California action, seeking declaratory judgment rather than damages. As a result, the first-filed rule does not apply.

Notice of an imminent lawsuit is a red flag indicating that the first-file rule should be disregarded. Nw. Airlines, 989 F.2d at 1007. Biosense and St. Jude are direct competitors in the medical device industry, and they have recently litigated breach of contract and tortious interference claims arising out of TOY Agreements. See, e.g., Compl. Ex. D (St. Jude Medical

9

S.C., Inc. v. Biosense Webster, Inc., 62-cv-11-718 (MN State Dist. Court Jan. 31, 2012)) (the "Jackson" case); Defs.' Request for Judicial Notice [Docket No. 15] Ex. M (Dowell v. Biosense Webster, Inc., Case No. BC337177 (Cal. Super. Ct. July 6, 2005)).  The Jackson case concerns the same companies and the same issues — a former St. Jude sales representative, employed under a TOY Agreement, resigned her employment and began working with Biosense.  Given the previous litigation history between St. Jude and Biosense regarding the same issue, Biosense was on constructive notice that St. Jude would file an imminent action after Jose de Castro resigned and began his employment with Biosense.  This constructive notice is further evidenced by the filing of Biosense's seven-page California Complaint the very same day Jose de Castro resigned.  The simultaneity of Jose de Castro's resignation and the California Complaint filing is strong evidence  that Biosense was attempting to preempt St. Jude's imminent lawsuit.  Indeed, St. Jude's lawsuit was imminent, filed a mere three days after Jose de Castro's resignation.  See Compl.

The second red flag mentioned in Nw. Airlines is also waved here.  On March 6, 2012, the same day Jose de Castro emailed his resignation to St. Jude, Defendants filed a declaratory judgment action against St. Jude, seeking among other relief a "declaration of the parties' rights and obligations relating to de Castro."  See Cal. State Compl.  At that point, Defendants had not yet been harmed at all.  Like the plaintiffs in ABC Teacher's Outlet, Inc., and unlike the plaintiff in Nw. Airlines, Defendants' California Complaint did not allege that they had suffered harm but rather that they would suffer future harm.  Compare ABC Teacher's Outlet, Inc., 2007 WL 2122660, at *3 with Nw. Airlines, 989 F.2d at 1007.  Because this declaratory judgment action was filed to preempt the plaintiff-in-fact — the party who had suffered actual harm — this red

flag also militates toward a departure from the first-filed rule. Due to these compelling circumstances, the first-filed rule does not apply to this action and Minnesota, not California, is the proper venue for this case.

### 4. Injunctive Relief is Inappropriate

Notwithstanding the Court's determination that jurisdiction is appropriate in Minnesota, Plaintiff's request that this Court enjoin Defendants' California suit is not a proper remedy here. While "second-filed courts have declined to apply the first-filed rule rigidly and have maintained jurisdiction over the later-filed actions," "the procedural posture presented by Plaintiff's Motion is unusual in that it asks this Court to enjoin litigation proceeding in another jurisdiction." Fed. Cartridge Co. v. Remington Arms Co., Inc., No. Civ. 03-6105, 2003 WL 23101805, at *3 (D. Minn. Dec. 31, 2003). Neither party cites to a case where a second-filed federal court has enjoined proceedings in a first-filed federal court. Plaintiffs cite as support Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720 (8th Cir. 2001), where the Eighth Circuit affirmed a federal district court's determination to enjoin a California state proceeding involving identical parties and issues. Id. at 723, 727. That case, however, involved a federal court enjoining a state court proceeding so that the federal court proceeding and arbitration could continue. Plaintiffs also cite Airtel Wireless, LLC as support, but it too fails to buttress the concept that a second-filed federal court can enjoin a first-filed sister court proceeding. In Airtel Wireless, LLC, the first-filed Montana federal action had already been transferred to Minnesota, and the Minnesota district court merely stayed its own litigation pending resolution of an arbitration proceeding. Id. at 788.

Plaintiff also cites Medtronic, Inc. v. Advanced Bionics Corp., 630 N.W.2d 438 (Minn. Ct. App. 2001). In that case, the Minnesota Court of Appeals affirmed a state district court's injunction of a preemptive declaratory judgment action filed in a California state court. Id. at 445. The court reasoned that when a party acts "in a calculated and systematic manner . . . to deprive the [Minnesota] court of its jurisdiction, issuing an injunction to stop the action in another jurisdiction is appropriate." Id. at 449–50 (internal quotation omitted). The Minnesota Court of Appeals also determined that "when an anticipatory declaratory judgment action is brought for the purpose of denying the natural plaintiff of its choice of forum, the court need not and should not blindly defer to the other jurisdiction by applying the first-filed principle." Id. at 449. Although persuasive where, as here, Defendants appear to have strategically attempted to maneuver out of a forum selection clause, this case involves a state court enjoining a state court and therefore is not binding here.

Between federal sister courts, however, numerous cases have held that the "compelling circumstances" determination is appropriately made by the first-filed court. See Anheuser-Busch, Inc. v. Supreme Int'l Corp., 167 F.3d 417, 419 n.3 (8th Cir. 1999); Nw. Airlines, 989 F.2d at 1004; Fed. Cartridge Co., 2003 WL 23101805, at *3. This Court will not enjoin the California proceeding in its sister court so that the federal court in California can make the "compelling circumstances" determination. Even though the Minnesota and California lawsuits will run parallel for a brief time, any discovery conducted will be applicable in both cases. Moreover, dispositive motions have been filed in both cases for June 2012, so the duplicative nature of the two lawsuits will be short-lived. Accordingly, preliminary injunction is an inappropriate remedy and is denied.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Injunctive Relief to Enjoin Preemptive Action and For Expedited Hearing [Docket No. 5] is **DENIED** as to injunctive relief and **GRANTED** as to the expedited hearing.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 4, 2012.