UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

St. Jude Medical, S.C., Inc.,

          Plaintiff,

v.

Biosense Webster, Inc., Johnson & Johnson,
and Jose B. de Castro,

          Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 12-621 ADM/AJB

---

Edward F. Fox, Esq., Carrie L. Hund, Esq., Mark R. Bradford, Esq., Jeffrey R. Mulder, Esq., and Nicole A. Delaney, Esq., Bassford Remele, PA, Minneapolis, MN, on behalf of Plaintiff.

Joseph W. Anthony, Esq., Mary L. Knoblauch, Esq., Courtland C. Merrill, Esq., and Steven C. Kerbaugh, Esq., Anthony Ostlund Baer & Louwagie, PA, Minneapolis, MN, on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff St. Jude Medical, S.C., Inc.'s ("St. Jude") Objection [Docket No. 89] ("Objection") to Magistrate Judge Arthur J. Boylan's June 17, 2013 Order [Docket No. 86].[1] In the Discovery Order, Judge Boylan granted in part and denied in part a motion to compel discovery brought by Defendants Biosense Webster, Inc. ("Biosense"), its parent company Johnson & Johnson ("J&J"), and Biosense employee Jose B. de Castro ("de Castro"). For the reasons set forth below, St. Jude's objection is overruled and Judge Boylan's order is affirmed.

---

[1] Judge Boylan issued an Amended Order [Docket No. 87] on June 18, 2013, which included the correction of a typographical error. Although St. Jude formally objected to Judge Boylan's original order, the Court shall construe the Objection as challenging the Amended Order (referred to as "Discovery Order" hereafter).

## II.  BACKGROUND

St. Jude markets and sells lines of cardiac care medical devices, including devices designed to diagnose and treat atrial fibrillation ("AF"), a type of cardiac arrhythmia.  In support of its efforts to sell AF devices, St. Jude trains and employs technical personnel it refers to as Field Clinical Engineers ("FCEs").  Biosense, owned by J&J, directly competes with St. Jude in the area of AF diagnosis systems.  Am. Compl. [Docket No. 43] ¶¶ 10-13.

In 2006, de Castro began working for St. Jude as a senior FCE.  At the start of his employment, de Castro entered into a term-of-years agreement (the "Agreement") lasting one year.  In the Agreement, de Castro agreed not to compete with St. Jude during his term of employment, and further agreed not to share St. Jude's confidential information.  Id. ¶¶ 21-22, Ex. A.  De Castro further agreed that if he breached his Agreement, damages would be insufficient, and that St. Jude could obtain injunctive relief against him.  Id. ¶ 23, Ex. A.  Over the intervening years, St. Jude promoted de Castro to a sales representative position in the AF field, and the two parties continued to extend de Castro's Agreement.  In January 2011, St. Jude and de Castro agreed to extend the Agreement until January 4, 2014.  Id. ¶¶ 17-18.

On March 6, 2012, de Castro notified St. Jude of his intent to resign from the company and begin employment with Biosense.  Id. ¶ 26.  St. Jude filed this action on March 9, 2012, alleging a breach of contract claim against de Castro and a tortious interference claim against Biosense and J&J.  On March 16, 2012, de Castro's resignation took effect.  Id.

On April 30, 2013, Defendants moved to compel the production of documents responsive to several discovery requests, including the production of documents related to St. Jude's "business purposes" for the Agreement.  Disc. Order 5.  Judge Boylan granted Defendants'

motion to compel in part, and ordered St. Jude to respond to Defendants' request regarding the Agreement's business purposes.  Id. at 8-9.

### III.  DISCUSSION

**A.  Standard of Review**

A district court judge will not modify or set aside a magistrate judge's ruling on a nondispositive matter unless the ruling is clearly erroneous or contrary to law.  D. Minn. LR 72.2(a); see also 28 U.S.C. § 636(b)(1)(A).  A decision is "clearly erroneous" when, although some evidence supports it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir.1996) (citation omitted).  "A decision is 'contrary to law' when it misapplies or does not apply the relevant statutes, case law or rules of procedure."  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citation omitted).  Courts in this district have characterized this standard of review as "extremely deferential."  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).

**B.  St. Jude's Objection**

St. Jude argues Judge Boylan improperly allowed Defendants' to seek discovery regarding the business purposes of de Castro's Agreement.  Because the Agreement is an unambiguous contract, St. Jude argues, the parol evidence rule precludes Defendants from introducing extrinsic evidence to challenge the contract's purpose or validity.  As a result, Defendants should not be allowed to discover such extrinsic evidence because it will not lead to the discovery of evidence admissible at trial.  See Fed. R. Civ. P. 26(b).

St. Jude also argues the merits of the Agreement's validity.  St. Jude cites a Ramsey

3

County District Court decision in which the court granted an order upholding the enforceability of an identical term-of-years agreement in a challenge brought by Biosense and J&J in an action with a different employee but the same corporate parties. See <u>St. Jude Med. S.C., Inc. v. Biosense Webster, Inc.</u>, File No. 62-cv-11-718 (Ramsey Dist. Ct. Jan. 31 2012) (the "<u>Jackson</u>" case). This order, according to St. Jude, collaterally estops Defendants from challenging the Agreement's validity in this action. St. Jude also argues generally for the proposition that Minnesota courts have upheld the validity of term-of-years agreements.

Defendants respond that St. Jude has prematurely entered into a debate on the merits and the admissibility of evidence. With the discovery request at issue, Defendants argue, they seek evidence which does not vary the terms of the Agreement, but rather challenges the enforceability of the Agreement as an invalid restrictive covenant. To pose such an argument, Defendants require factual evidence regarding St. Jude's business interests and whether the Agreement is necessary to protect those interests. Defendants also contend St. Jude's arguments on the merits of the Agreement, including the applicability of collateral estoppel, is premature; the Court should resolve these arguments at the dispositive motion stage.

Judge Boylan allowed Defendants some discovery regarding the nature of the Agreement. St. Jude's argument regarding the enforceability of the Agreement, Judge Boylan held, was a dispositive contract interpretation issue properly reserved for dispositive motion practice. As a result, Judge Boylan acknowledged St. Jude's challenge under the parol evidence rule, but held he would not "foreclose all discovery related to Defendants' attacks on the validity and enforceability of the agreement simply because the defense has been challenged as insufficient." Disc. Order 4.

Judge Boylan committed no clear error, as St. Jude's arguments do indeed attempt to prematurely resolve dispositive issues. Generally, parties may seek discovery so long as the information sought is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Defendants argue de Castro's Agreement includes unenforceable restrictive covenants. As a result, Defendants should have the ability, under Rule 26, to pursue discovery regarding the business interests behind the Agreement, as such evidence is necessary for Defendants' theory of defense. See, e.g., Novus Franchising, Inc. v. AZ Glassworks, LLC, No. 12-1771, 2013 WL 1110838, at *8 (D. Minn. Mar. 18, 2013) (evaluating whether non-competition agreement justifiably protected plaintiff's "legitimate business interests").

St. Jude's arguments against such discovery implicitly require the resolution of dispositive issues before any dispositive motions have been heard. St. Jude argues the parol evidence rule precludes the discovery Defendants seek, and thus the requested discovery should not be allowed. However, the application of the parol evidence rule is premised on the assumption that the Agreement is unambiguous. See Reliable Metal, Inc. v. Shakopee Valley Printing, Inc., 407 N.W.2d 684, 687 (Minn. Ct. App. 1987) (holding extrinsic evidence may only be examined if contract is "first determined to be ambiguous on its face") (citation omitted). Simply because St. Jude asserts the Agreement is unambiguous does not make it so. The Court declines to make a nuanced contract interpretation decision at this stage of the litigation.[2] As a

---

[2] The only decisions the Court has located in which the parol evidence rule has been used to bar discovery are in the context of a Rule 56(d) request for additional discovery in lieu of summary judgment. In those instances, the court concluded the contract was unambiguous as part of its dispositive ruling, and thus found additional discovery unwarranted. See, e.g., United States v. Light, 766 F.2d 394, 397-98 (8th Cir. 1985); Farnam Street Fin., Inc. v. Balaton Grp., Inc., No. 10-4277, 2011 WL 1258512, at *3 (D. Minn. Mar. 30, 2011).

result, it would be premature to apply the parol evidence rule and exclude an entire category of evidence.

Even if the parol evidence rule were to apply in this case, the rule would not necessarily preclude the evidence Defendants request. By their own admission, Defendants do not seek to vary the terms of the Agreement. Instead, Defendants request information related to the "business purposes" of St. Jude's term-of-years agreements, seeking to challenge the Agreement as including unenforceable restrictive covenants. In evaluating the validity of a restrictive covenant, Minnesota courts have long considered whether an employer's "legitimate business interests" justify such a restriction. Where an otherwise unambiguous employment contract has included a restrictive covenant, courts have routinely considered factual evidence regarding the employer's justifications. See, e.g., Prow v. Medtronic, Inc., 770 F.2d 117, 120-21 (8th Cir. 1985).

St. Jude attempts to pre-empt this conclusion by arguing Minnesota courts have generally found term-of-year contracts valid and enforceable. St. Jude believes Defendants have made a losing argument, and thus should not be entitled to pursue discovery. Again, while Minnesota law may indeed find term-of-years contracts generally enforceable, St. Jude's argument necessarily requires a ruling regarding the overall enforceability of de Castro's Agreement. Rule 26(b) does not limit discovery to information "relevant to any party's undisputedly viable claim or defense." Certainly, courts and litigants should exercise care in proportionately tailoring the scope of discovery to the lawsuit at hand. However, parties are generally entitled to pursue discovery relevant to their stated claims or defenses, even if their opponent has a dim view of those positions. See Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 59

(D.D.C. 1984) ("In ruling on questions of discovery, typically, courts do not determine the legal sufficiency of claims and defenses.") (citations omitted). To hold otherwise would allow St. Jude to prematurely resolve a dispositive issue at the discovery stage.

Finally, St. Jude argues Defendants are collaterally estopped from challenging the enforceability of de Castro's Agreement due to the Ramsey County District Court's decision in Jackson. Defendants respond that collateral estoppel does not apply here, as the facts in and posture of this case differ from those in Jackson. As with the other dispositive issues above, collateral estoppel is an argument appropriately decided on the merits in the context of a dispositive motion.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection [Docket No. 89] is **OVERRULED**; and

2. Judge Boylan's June 18, 2013 Amended Order [Docket No. 87] is **AFFIRMED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 29, 2013.