# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

St. Jude Medical, S.C., Inc.,

        Plaintiff,

    v.                                     **ORDER**
                                         Civil No. 12-621 ADM/TNL
Biosense Webster, Inc., Johnson & Johnson,
and Jose B. de Castro,

        Defendants.

_____

Edward F. Fox, Esq., Carrie L. Hund, Esq., Mark R. Bradford, Esq., Jeffrey R. Mulder, Esq., and Nicole A. Delaney, Esq., Bassford Remele, PA, Minneapolis, MN, on behalf of Plaintiff.

Joseph W. Anthony, Esq., Mary L. Knoblauch, Esq., Courtland C. Merrill, Esq., and Steven C. Kerbaugh, Esq., Anthony Ostlund Baer & Louwagie, PA, Minneapolis, MN, on behalf of Defendants.

_____

      This matter is before the undersigned United States District Judge for a ruling on Plaintiff

St. Jude Medical S.C., Inc.'s ("St. Jude") Motion to Redact Hearing Transcript [Docket No.

233].  St. Jude requests the redaction of certain portions of the transcript from the motion hearing

conducted on October 24, 2013.  Defendants Biosense Webster, Inc. ("Biosense"), Johnson &

Johnson, and Jose B. de Castro (together, "Defendants") oppose the motion.

      St. Jude's motion is denied.  The Court has reviewed the portions of the transcript St.

Jude seeks to redact, and holds that the designated statements are not so sensitive or confidential

that they justify retroactively censoring a public hearing.[1]  The proposed redactions primarily

_____

     [1] Defendants submitted a copy of the hearing transcript that purportedly reflected St. Jude's proposed redactions. See Steven C. Kerbaugh Decl., Apr. 29, 2014 [Docket No. 240] Ex. 1 (under seal).  However, St. Jude does not actually propose redacting several of the statements highlighted by Defendants. Compare Nicole A. Delaney Decl., Apr. 22, 2014 [Docket No. 235] Ex. E with Kerbaugh Decl. Ex. 1.  Only St. Jude's actual, proposed redactions are considered herein.

relate to arguments made by Defendants regarding the purpose of de Castro's term of years agreement with St. Jude. Defendants have publicly made many of the same arguments in previous filings without objection. See, e.g., Defs.' Resp. to Pl.'s Obj. [Docket No. 97], Defs.' Mem. Opp'n to Pl.'s Mots. in Limine [Docket No. 206]. St. Jude also attempts to characterize the statements made at the October 24, 2013 hearing as revealing the contents of properly-sealed documents. At most, counsel for both parties discussed sealed documents in general terms pertaining to the overarching legal issues. The mere fact that confidential documents exist, and they might support a party's arguments, is not itself confidential information. St. Jude's redactions do not target sales figures, salaries, technical data, or other information that might actually confer an advantage to Defendants or other market competitors.

St. Jude also justifies its proposed redactions by down-playing the relative importance of the statements at issue. Although it is true the Court made no mention of certain documents in its February 3, 2014 Order [Docket No. 223], that does not mean those documents were not considered. The documents at issue, as well as other confidential information, were considered by the Court but not expressly discussed in an attempt to respect the parties' confidentiality designations. Retroactively redacting unpersuasive arguments and information is akin to revising history.

Finally, St. Jude's motion for redaction is denied because it risks setting a dangerous and burdensome precedent for the post hoc sealing of public hearings. St. Jude had the opportunity to request a closed hearing and present its justifications then; it chose not to do so. Whether or not members of the public actually attended the hearing is now secondary. The hearing took place in open court and became a part of the public records of the Court. The public has a right

2

to review what occurred.  In that light, St. Jude has not demonstrated "good cause" for its redactions.  <u>See</u> Fed. R. Civ. P. 5.1(e)(1); <u>see also</u> <u>Keefe v. City of Minneapolis</u>, No. 09-2941, 2014 WL 1805398, at *2-3 (D. Minn. May. 7, 2014) (declining to redact hearing transcript without "clearly-defined and serious injury") (citation omitted).  St. Jude has not demonstrated a risk of serious injury in this instance.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff St. Jude Medical S.C., Inc.'s Motion to Redact Hearing Transcript [Docket No. 233] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 14, 2014.