UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

St. Jude Medical, S.C., Inc.,

        Plaintiff,

  v.

Biosense Webster, Inc., Johnson & Johnson,
and Jose B. de Castro,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 12-621 ADM/TNL

---

Edward F. Fox, Esq., Mark R. Bradford, Esq., and Nicole A. Delaney, Esq., Bassford Remele, PA, Minneapolis, MN, on behalf of Plaintiff.

Joseph W. Anthony, Esq., Mary L. Knoblauch, Esq., Courtland C. Merrill, Esq., and Steven C. Kerbaugh, Esq., Anthony Ostlund Baer & Louwagie, PA, Minneapolis, MN, on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendants Biosense Webster, Inc., Johnson & Johnson, and Jose B. de Castro's (collectively, "Defendants") Motion for Review of Clerk's Taxation of Costs [Docket No. 328]. In the Cost Judgment [Docket No. 326] entered by the Clerk of the Court, the Clerk allowed $23,396.90 of the $28,906.95 in total costs claimed by Plaintiff St. Jude Medical, S.C., Inc. ("St. Jude"). Defendants request the Court to reduce the Cost Judgment by $8,208.86, consisting of $3,514.25 in deposition transcript costs, $3,265 in video deposition costs, and $1,429.61 in copying expenses. St. Jude opposes the motion, arguing that the Court lacks jurisdiction to alter the Cost Judgment, and alternatively, that the motion fails on the merits. For the reasons stated below, Defendants' motion is denied.

## II. DISCUSSION

**A. Jurisdiction**

St. Jude argues that this Court lacks jurisdiction to alter the cost award because Defendants appealed the Cost Judgment to the Eighth Circuit on December 22, 2014. See Notice of Appeal [Docket No. 327] (including December 8, 2014 Cost Judgment among the orders appealed to the Eighth Circuit). However, Defendants' Statement of Issues on Appeal does not list the Clerk's taxation of costs as an issue presented for review on appeal. See Kerbaugh Decl. [Docket No. 341] Ex. A (Appellant's Statement of Issues).

A notice of appeal divests a district court of jurisdiction only of those issues involved in the appeal. Harmon v. United States ex rel. Farmers Home Admin., 101 F.3d 574, 587 (8th Cir. 1996). "A district court retains jurisdiction over collateral matters, such as attorneys' fees and costs while an appeal is pending." Comcast of Ill. X v. Multi-Vision Elecs., Inc., 504 F. Supp. 2d 740, 746 (D. Neb. 2007); see also Walsh v. Kelly, 203 F.R.D. 597, 598 (D. Nev. 2001) (holding district court retained jurisdiction over motion for costs because the motion was "ancillary to the case, that is, it involves issues that are separate from the matters currently under consideration by the Ninth Circuit").

The Defendants' Statement of Issues on Appeal does not identify the issue of the amount of taxable costs as an issue on appeal. The only manner in which the Cost Judgment is implicated is if the Eighth Circuit were to reverse the underlying judgments that serve as the basis for the cost award. If this occurred, the Cost Judgment would be vacated. Thus, the issue of the amount of taxable costs is a collateral matter over which this Court retains jurisdiction.

**B. Merits**

    **1. Deposition Transcripts**

Defendants argue that the Clerk improperly taxed $3,514.25 in costs for six deposition transcripts because the deposition transcripts were not used at trial or summary judgment. A district court has discretion to award costs for a deposition that was "necessarily obtained for use in a case and was not purely investigative." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (alteration and internal quotation marks omitted). In determining whether depositions were necessarily obtained for use in a case, "the underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." Id. (quotation marks omitted).

With respect to the six deposition transcripts at issue, five were for depositions noticed by Defendants. Therefore, it was reasonable for Plaintiff St. Jude to believe the depositions were necessary at the time they were taken. See Farnsworth v. Covidien, Inc., Civ. No. 08-1689, 2010 WL 2160900, *3 (E.D. Mo. May 28, 2010) ("[I]t was reasonable [for Defendant] to believe that the deposition was necessary at the time it was taken because Plaintiff was the one who requested the deposition."); Shukh v. Seagate Tech., LLC, Civ. No. 10-404, 2014 WL 4348199, *4 (D. Minn. Sept. 2, 2014) ("Generally, courts allow the prevailing party to recover the costs for depositions noticed and taken by the losing party.").

The sixth deposition transcript was for the deposition of Defendants' expert Dina Aguilar. Obtaining the transcript from her deposition was reasonably necessary because it was used in support of St. Jude's successful Daubert motion excluding her expert testimony. See Youssef v. FBI, 762 F. Supp. 2d 76, 86 (D.D.C. 2011) ("[I]t is appropriate to tax costs for

depositions that are used by a party to support a motion for summary judgment or other substantive motions made to the court in connection with the case."); see also Shukh, 2014 WL 4348199, at *5 (allowing costs for deposition transcripts used in defending against motion to exclude expert).

Therefore, the costs for the six deposition transcripts identified in Defendants' motion are recoverable.

**2. Video Expenses**

Defendants contend St. Jude is not entitled to recover $3,265 in video expenses associated with the depositions of Jack Ayer and Collin Dean because St. Jude used only the stenographic transcripts of those depositions at trial. "[E]xpenses associated with video depositions are recoverable." Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 897 (8th Cir. 2009). Additionally, "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at the time . . . it is appropriate under [28 U.S.C.] § 1920 to award the cost of conducting the deposition in the manner noticed." Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 465 (11th Cir. 1996).

Here, Defendants do not deny that the deposition notices for Ayer and Dean stated the depositions would be videotaped, and Defendants raised no objection prior to or during the depositions. Additionally, St. Jude had intended to show video clips of the depositions at trial, but when Defendants' objections to the video clips were sustained, St. Jude elected to read from the deposition transcripts instead. Therefore, the Court is satisfied that the video recordings of the Ayer and Dean depositions, in addition to the stenographic transcripts, were reasonably

necessary under the circumstances.

### 3. Copying Costs

Defendants also contend that $1,429.61 in copying costs to reproduce the parties' trial exhibits are not recoverable because the expenses include index tabs and three-ring binders as well as multiple and unnecessary copies of Defendants' trial exhibits.

Costs for photocopying trial exhibits are recoverable. Sphere Drake Ins. PLC v. Trisko, 66 F. Supp. 2d 1088, 1093 (D. Minn. 1999). Here, both parties produced more than 130 trial exhibits. Thus, the three-ring binders and index tabs were necessary to ensure the exhibits could be easily referenced at trial. Additionally, the copies of the trial exhibits were utilized by counsel and witnesses during trial. Therefore, the copies were necessarily obtained for use in the case, and the Clerk's taxation of the copying costs was proper.

## III.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Review of Clerk's Taxation of Costs is **DENIED.**

                                                              BY THE COURT:


                                                    s/Ann D. Montgomery
                                                    ANN D. MONTGOMERY
                                                    U.S. DISTRICT JUDGE

Dated:  January 26, 2015.